IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY LAMONT HELTON, SR., )<br>    Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF VA, *et al.*, )<br>    Respondents. ) | Civil Action No. 7:15cv00561<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

    Petitioner Troy Lamont Helton, Sr., a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction in the Alleghany County Circuit Court. After reviewing the petition, the court finds that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

    A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In Virginia, a non-death row convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. Va. Code §§ 8.01-654, 17.1-411; Va. Sup. Ct. R. 5:9(a). If the petitioner has failed to exhaust state court remedies, the federal court should dismiss the petition. *See Slayton v. Smith*, 404 U.S. 53 (1971).

---

[1] A petition must be dismissed pursuant to Rule 4 if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

In this case, it plainly appears from the petition that Helton has not presented his claims to the Supreme Court of Virginia.[2] Accordingly, the court finds that Helton's petition is unexhausted and, therefore, will dismiss the petition without prejudice.[3]

Entered: October 21, 2015.

*Elizabeth K. Dillon*
United States District Judge

---

[2] Helton filed a habeas petition in the Alleghany County Circuit Court, which the court dismissed on September 23, 2015. However, Hylton acknowledges in his § 2254 petition that he has not presented the instant habeas claims to the Supreme Court of Virginia, either on direct or habeas appeal.

[3] Helton may refile his federal habeas petition after he has exhausted his state court remedies. Helton is advised, however, that his time to file state and federal habeas petitions is limited. *See* 28 U.S.C. § 2244(d); Va. Code § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).